# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMAAL NAJEEB, | ) | CASE NO. 1:12cv2066 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JASON BUNTING, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Jamaal Najeeb, aka Jamael Najeeb ("petitioner" or "Najeeb"), filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Najeeb is currently incarcerated in the Marion Correctional Institution, serving a 24-year sentence for rape, kidnapping, aggravated robbery, felonious assault, and a three year gun specification. In his petition, Najeeb asserts that the delay in correcting his sentence to specify a term of post release control resulted in a denial of due process. For the reasons set forth below, the petition is **DENIED** and this action is **DISMISSED**.

## I. Factual Background

Najeeb was indicted in two separate cases. On May 23, 2001, the Cuyahoga County Grand Jury indicted him in Case No. CR-407801 for four counts of rape, one count of aggravated robbery, one count of felonious assault, and one count of kidnapping. *See State v. Najeeb*, Nos. 96689, 96690, 2011 WL 5870054, at *1 (Ohio Ct. App. Nov. 23, 2011). All of the counts included a firearm specification. *Id.* He was also indicted on June 18, 2001 by the Cuyahoga County Grand Jury in Case No. CR-409079 on three counts of rape, one count of

kidnapping and one count of aggravated robbery. *Id.* All of these counts also carried a firearm specification.

On April 11, 2002, a joint bench trial was conducted in both cases. Najeeb was found guilty of all of the counts in Case No. CR-407801. *Id.* The trial court dismissed the firearm specifications in Case No. CR-409079 and the state voluntarily dismissed the one count of aggravated robbery. *Id.* He was found guilty on all of the remaining counts. *Id.* On May 24, 2002, he was sentenced to a total of twenty-one years for the charges in both cases, and three years for the firearm specifications to be served consecutively, for a total of twenty-four years. *Id.* Najeeb was also declared a sexual predator and was sentenced to post release control "for the maximum period allowed for the above felonies under R.C. 2967.28." *Id.* He did not appeal his conviction or his sentence.

Five years later, on October 9, 2007, Najeeb filed a motion to vacate his sentence, asking the trial court to conduct a *de novo* sentencing hearing in both cases due to the court's failure to impose a specified period of post release control. On October 15, 2007, the trial court denied the motion.

On July 12, 2010, nearly three years later, Najeeb filed a second motion to correct or vacate sentence, again asking the court to conduct a *de novo* sentencing hearing. On March 18, 2011, Najeeb was ordered to be returned to the county jail from the state correctional institution to attend a hearing on his motion. Counsel was appointed to represent him. On March 24, 2011, the court declined to consider resentencing *de novo* but did conduct a hearing solely to consider the amount of post release control to impose. On March 25, 2011, prior to the hearing, Najeeb filed a *pro se m*otion to dismiss all further proceedings due to the delay in resentencing.

2

The court did not directly address Najeeb's *pro* se motion, but instead proceeded with the hearing and imposed a specific term of five years of post release control as part of Najeeb's sentence. His sentences for his convictions on the eleven counts of the indictments were not under consideration and were therefore unaltered.

Najeeb appealed the trial court's decision to the Ohio Eighth District Court of Appeals. *See State v. Najeeb*, Nos. 96689, 96690, 2011 WL 5870054 (Ohio Ct. App. Nov. 23, 2011). He asserted one assignment of error, as follows:

> A trial court may not correct a sentence which erroneously failed to impose a term of post release control when a period of almost nine years has transpired from the original sentencing hearing until the resentencing hearing.

*Id.* at *1. In support of his assignment of error, he argued that although he was convicted in Case Nos. CR-407801 and CR-409079 in April 2002, he was not sentenced to a valid sentence until March 2011. He asserted that his original sentence was void due to the trial court's failure to impose post release control and, as a result, there was a nine-year delay between his conviction and the imposition of his sentence, which violated Ohio Crim. R. 32(A)'s requirement that a sentence be imposed without unnecessary delay. *Id.* at *1.

Citing *State v. Fisher*, 128 Ohio St. 3d 92 (2010), the court of appeals affirmed the decision of the trial court, holding that when a defendant is resentenced to correct an error in failing to impose post release control, only the post release control portion of the original sentence is void, not the entire sentence. Najeeb's original sentence, imposed in May 2002, was valid under Ohio law and, therefore, no delay in sentencing occurred. The Court further noted that Ohio Crim. R. 32(A) does not apply to resentencing. *Id.* at *1-2.

On December 12, 2011, Najeeb appealed that decision to the Ohio Supreme

Court. *See State v. Najeeb*, No. 11-2079 (Ohio). He raised only one proposition of law, as follows:

> The trial court erred by overruling the appellant's motion to dismiss because of the delay of time between his original conviction until his actual sentence was completed.

(Doc. No. 1 at 4.) Najeeb argued that under Ohio law, the state must sentence an individual within a reasonable time after his conviction. He contended that because the trial court did not include a specific sentence for post release control as required by Ohio Rev. Code § 2967.28(B)(1), the entire sentence was void. He argued that a void sentence was the equivalent of no sentence, which meant that no sentence had ever been imposed in his case. *Id.* (Mem. in Support of Jurisdiction, at 6-7.) He concluded that the nine-year delay between his conviction and sentencing which imposed post release control was unreasonable, and divested the trial court of its ability to impose a sentence on him. He concludes by adding that the delay in correcting his sentence was in violation of *Barker v. Wingo* and his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* (Mem. in Support of Jurisdiction, at 7.) On February 22, 2012, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Najeeb*, No. 2011-2076, 131 Ohio St. 3d 1460 (Table) (Feb. 22, 2012).

## II. Habeas Petition

Najeeb then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts one ground for relief:

> Here, the trial court originally sentenced Najeeb on May 24, 2002. It was in this hearing that the state failed to properly sentence him to post release control. Therefore there was a 9 year delay in resentencing Najeeb, in which it violated Najeeb's Due Process rights under the Fifth and Fourteenth Amendment to the United States Constitution.

(Doc. No. 1 at 5-6.) He asks this Court to "void the finding of the trial court on March [25],

4

2011[1] that he be placed on post release control, and grant petitioner['s] motion to dismiss all further proceedings due to unreasonable delay in sentencing." (Doc. No. 1 at 13.)

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

---

[1] Najeeb indicates his sentence was corrected on March 24, 2011. The Cuyahoga County Court of Common Pleas docket (which can be viewed at http://cpdocket.cp.cuyahogacounty.us/) indicates the sentence was corrected on March 25, 2011. **Error! Main**

A decision is "contrary to" clearly established law under § 2254(d)(1) when it is "diametrically different, opposite in character or nature, and mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams*, 529 U.S. at 406 (internal quotation marks and citations omitted). In order to have an "unreasonable application of . . . clearly established Federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). In other words, a state court's determination of facts is unreasonable if it's finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

In addition, a federal court may not grant a petition for a writ of habeas corpus filed by a person in state custody unless it appears that the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838

**Document Only.**

6

(1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id*. This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 415.

### IV. Analysis

Najeeb did not fairly present this claim to the state courts to exhaust his state court remedies. On March 25, 2011, he filed a motion to dismiss his convictions in the trial court, but he does not indicate the specific grounds he asserted in that motion except to say that he believed there was an unreasonable delay in sentencing. He filed his motion after the court concluded it would not conduct a *de novo* sentencing hearing, but before the court considered the imposition of post release control. The court's subsequent act of clarifying his sentence to

impose a specified term of post release control appears to have operated as a denial of his motion to dismiss. Further, he did not assert on appeal to the Ohio Eighth District Court of Appeals that the trial court's resentencing to include post release control was a denial of due process. Instead, he argued his sentence was void under the Ohio Revised Code due to the failure to impose post release control, and the delay in imposing a sentence violated Ohio Crim. R. 26(B). Moreover, the court of appeals decided the appeal based only on state law. Najeeb appealed that decision to the Ohio Supreme Court, but again, he did not assert a proposition of law that claimed a denial of due process. Although he did include one sentence at the end of his brief pertaining to due process, his ground for relief did not assert a violation of his federal constitutional rights. Even if the Court were to construe this sentence as an attempt to raise the due process claim in his appeal before the Ohio Supreme Court, that court would not have considered a constitutional question that Najeeb did not raise and argue in the lower courts. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985).

In his petition for a writ of habeas corpus, Najeeb asserts for the first time as a ground for relief that the delay between his original sentence and the imposition of the corrected sentence clarifying post release control violated his federal constitutional right to due process under the Fifth and Fourteenth Amendments. To be considered to have been "fairly presented" to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law, *Koontz*, 731 F.2d at 369, and must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong*, 142 F.3d at 322. It cannot rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id*. Because Najeeb did not assert this claim in

8

the state courts as a violation of this due process rights, but instead as a violation of state law, he did not give the state courts a fair opportunity to rule on the legal question he presents in his petition. He therefore has not exhausted his state court remedies.

Furthermore, Najeeb has no remedy still available to him in state court to exhaust this claim. He already filed his motion in the trial court and appealed that motion to both the Ohio Court of Appeals and the Ohio Supreme Court. If he attempts to return to state court to assert the same challenge under a different legal theory, his action would be barred by the doctrine of *res judicata*. *Lott v. Coyle*, 261 F.3d 594, 611-12 (6th Cir. 2001).

If a petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for him to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. "Such factors may include 'interference by officials, attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting

*McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Here, Najeeb does not include any allegations that suggest he may have cause to excuse the default. Najeeb could have asserted his claim for denial of due process in his appeal to the Ohio Court of Appeals. He instead relied on state law grounds. He does not allege he was impeded in his efforts to assert a constitutional claim in the appeals court by a factor external to the defense of his case and there is no indication in the pleading that Najeeb had cause to excuse the default. Because Najeeb has not shown cause, it is unnecessary to consider the issue of prejudice. *Murray*, 477 U.S. at 494.

The cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice and, therefore, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citing *Murray*, 477 U.S. at 495-96). Najeeb may still proceed with a claim that is defaulted if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495-96. Najeeb, however, does not allege he is actually innocent of the underlying offenses of which he was convicted. His claim for relief is based solely on the delay in correcting his sentence to impose a specific, as opposed to a general, term of post release control. He therefore cannot demonstrate a fundamental miscarriage of justice occurred. His claim for relief is procedurally defaulted and,

therefore, is waived for purposes of federal habeas corpus review.

## V. Conclusion

For all the foregoing reasons, the petition for a writ of habeas corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases. Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 25, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**